## Case No. 13,952.

### THOMPSON v. COOK et al.

[2 McLean, 122.] [1]

Circuit Court, D. Illinois. June Term. 1840.

PLEADING AT LAW—AVERMENT OF CITIZENSHIP—
NAMES OF PARTIES COMPOSING FIRM—
NOTES—PLACE OF PAYMENT.

1. A general averment of the citizenship of the plaintiff, sufficient.

2. Where a note has been assigned by a firm, it is unnecessary for the assignee to aver, and prove the names of the persons who compose the firm.

3. This is the rule at common law, and there is nothing in the act of congress, in regard to assignments, or in the limited jurisdiction of this court, which should change the rule.

4. Where a note is made payable at a particular place, the declaration need not aver that the note, when due, was presented at such place for payment.

[This was an action at law by Jonathan Thompson against Cook and Spalding.]

Mr. Arnold, for defendant.

OPINION OF THE COURT. This action was brought on a promissory note, given by the defendants, to John W. Taylor & Co., and by them assigned, under the same name, to the plaintiff. The defendants, having filed a special demurrer, take several exceptions to the declaration. The plaintiff, in the declaration, is stated to be a citizen of the state of New York; but, it is objected, that there is no averment of his being a citizen, at the time the suit was commenced. That it does

[1] [Reported by Hon. John McLean, Circuit Justice.]

not follow, from his being a citizen of New York at the time the declaration was filed, that he was a citizen at the time the writ was issued. In this respect, the declaration is in the usual form, and we think it is good. In a late case, the supreme court decided that, if the citizenship of the plaintiff appeared in any part of the pleadings, it is sufficient. In that case (Bradstreet v. Thomas, 12 Pet. [37 U. S.] 64) the citizenship of the plaintiff was alledged in the joinder to the demurrer, and, under the circumstances, it was held good.

One of the defendants is alledged, in the declaration, to be a citizen of Illinois, and the other of Missouri. The writ was served only on the citizen of Illinois. It has often been ruled that, where there are several plaintiffs and defendants, the court must have jurisdiction. as between each of the plaintiffs and defendants. In the case under consideration, the plaintiff being a citizen of New York, the suit being brought in the state of Illinois, the court. can take no jurisdiction against the defendant, who is a citizen of Missouri. But as this defendant is not, in fact, a party to the suit, the process not having been served on him. the act of congress of the 28th Feb.. 1839, 1st section [5 Stat. 321], covers the case, and authorizes the suit against one of the parties to the note. And, indeed, without the provisions of this statute, the defendant being liable to pay the note, and the other party not being, in any way, prejudiced by the proceeding. a judgment might have been entered against the party before the court. But the late law provides for the case, and removes all doubt on the subject. It is also objected, that the declaration does not show who compose the firm of John W. Taylor & Co., the payees and indorsers of the note. And, it is insisted, that this is material. in order to give jurisdiction to the court. Where an individual derives his right through an assignment of a firm, as in this case. it is never necessary for him, at common law, to state, in his declaration. the names composing the firm.

In this case the declaration alledges that John W. Taylor & Co. are citizens of the state of New York, and no necessity is perceived for a more specific allegation. The defendants promise to pay John W. Taylor & Co.; and, by the same name, the note is indorsed to the plaintiff. Why should he be held bound to ascertain and set forth, in his declaration, the individuals who compose the firm? If the note had been transferred by ten or twenty firms, it would be just as necessary to state the individuals who compose each of them, as in the present case. This would not only establish the rule in this court, different from that which exists in other courts. but it would materially affect the negotiable character of bills or notes. There is nothing in the act of congress referred to. or in the limited jurisdiction of this court, which should change the rule.

It is always in the power of the defendant to plead to the jurisdiction of the court, and take advantage of any fact which may exist, going to show a want of jurisdiction.

In the last place, it is objected that the note, upon its face, is payable at the State Bank of Illinois, and the declaration contains no averment that, when due, it was presented to the bank for payment. As matter of description, it is proper to state where the note is payable; but the law is now well settled,. that it is not necessary, where a note is payable at a particular place, to state, in the declaration. that a demand of payment was made at such place. There are some conflicting decisions on this point in this country; but the weight of authority is, that no demand need be made. And, until lately, in England, there was no question which produced more conflicting decisions, than this. one. The king's bench decided one way, and the common pleas another; and this conflict continued until the point was decided, in. the house of lords, against the king's bench, that a demand of payment, at the place where the note was made payable, was essential to the right of action on the note. No one, it is presumed, can read the opinion given in the house of lords, and not be struck with the forcible reasoning, and superior ability, on the side of the minority in the house. Lord Eldon was in favor of the decision given; but eight of the twelve judges were against it, and in favor of the decision made by the king's bench. And, it does. seem, that the masterly views presented by the eight judges. are conclusive on the subject. The case was Rowe v. Young, 2 Brod. & B. 180. This decision of the house of lords. does not seem to have been satisfactory, as,. immediately afterwards, an act of parliament (1 & 2 Geo. IV. c. 78) was passed, which substantially sustained the doctrine of the king's bench. Where a note is payable at a particular place, as in the present instance, at a bank, the maker of the note may show a deposit of the money to meet the note, or a readiness to pay, had a demand been made. And this seems to be a proper subject matter for defence. Why should the holder of the paper be required to make a demand of payment, at the place designated, any more than a demand of the maker, at his usual place of residence. where no place is named?

This question, in the case of Wallace v. McConnell. 13 Pet. [38 U. S.] 144, was fully considered, and decided by the supreme court. It is, therefore, no longer an open question before the courts of the United States. The demurrer is overruled; and, there being no further defence. judgment is entered for the plaintiff on the note.

THOMPSON (COOPER v.). See Case No. 3,-202.

THOMPSON (CRAGIN v.). See Case No. 3,-320.